IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THE JONES GROUP OF MISSISSIPPI, LLC**     **PLAINTIFF**

**V.**     **CAUSE NO. 3:20-CV-151-CWR-FKB**

**ZURICH AMERICAN INSURANCE COMPANY**     **DEFENDANT**

## ORDER

Before the Court are Plaintiff's Motion for Default Judgment [Docket No. 6] and Motion to Strike Answer [Docket No. 17] and Defendant's Motion for Extension of Time to File Answer [Docket No. 8] and Motion to Set Aside Entry of Default [Docket No. 9]. These matters are fully briefed and ready for adjudication.

**I.  Background**

On March 9, 2020, The Jones Group of Mississippi, LLC filed its complaint in this action. It served the summons and complaint on Zurich through the Mississippi Insurance Commission on March 10. Zurich claims that the disruption caused by the coronavirus pandemic caused it to not receive the complaint until March 25. Zurich's responsive pleading to the lawsuit was due to be filed by March 31.

On April 2, Jones Group filed its Motion for Entry of Default, and the Clerk of Court entered default on the same day. The next day, Jones Group filed a Motion for Default Judgment. On April 6, Zurich filed its Motions for Extension of Time to File Answer and to Set Aside Entry of Default.

**II.  Law**

The legal standard is well-established:

>Under Rule 55 of the Federal Rules of Civil Procedure, a court *may* set aside an entry of default for good cause. The good cause factors enunciated by the Fifth Circuit are: whether the default was willful; whether setting it aside would prejudice the adversary; and whether a meritorious defense is presented. These factors, however, are not exhaustive, talismanic, nor must the Court consider all of them. The ultimate inquiry remains whether the defendant shows good cause to set aside the default.
>
>A willful default is an intentional failure to respond to litigation. When a party has actual notice of a claim for which a response has been demanded and fails to answer the claim, the failure may be deemed willful. Importantly, where there is a willful or intentional failure to respond, the inquiry ends, and the Court need not make any further findings in refusing a party's request to set aside a default.

*CENTRIA v. Alply Architectural Bldg. Sys., LLC*, No. 4:11-CV-79-CWR-LRA, 2012 WL 73235, at *2 (S.D. Miss. Jan. 10, 2012) (quotation marks and citations omitted). "We have adopted a policy in favor of resolving cases on their merits and against the use of default judgments. This policy, however, is counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (quotation marks and citations omitted); *see also Baez v. S. S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975). Other factors courts may consider in determining whether to set aside a default include whether the defendant acted expeditiously to correct the default, and whether a significant financial loss will result to the defendant. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citing *Dierschke*, 975 F.2d at 184).

**III.   Discussion**

Zurich argues that there is good cause for setting aside the entry of default because: (1) its default was not willful; (2) it possesses several meritorious defenses to Jones Group's claims; and

2

(3) Jones Group will not be prejudiced if the entry of default is set aside.[1] Zurich also claims there are other factors that favor setting aside the default, including the fact that it acted expeditiously in seeking to set aside the default once it was entered. "[I]t is clear from the nature of [Jones Group's] claims that 'significant financial loss' would result to [it] should the default not be set aside," says Zurich. Docket No. 10 at 2 (citing *Dierschke*, 975 F.2d at 183-84).

Zurich, however, acknowledges that "[i]t is unclear at the moment why there was a delay between when the plaintiff purported [sic] served Zurich through the Mississippi Insurance Commission on March 10, 2020, and when Zurich actually received the Complaint on March 25, 2020." Docket No. 10 at 4. And even if this uncertainty was credited in Zurich's favor, Zurich did not file an answer or move for an extension of time in the six days it had before the March 31 deadline, as required by Rule 12 of the Federal Rules of Civil Procedure and made obvious by the summons Zurich received. *See* Docket No. 2.[2] In Zurich's April 6 filing, even though retained immediately upon Zurich's receipt of the summons and complaint, *see* Docket No. 10, at 4, counsel states she "is still waiting to confer with its client and is also awaiting transfer of initial file materials, which are necessary to prepare responsive pleadings and defend itself in this lawsuit." Docket No. 10 at 5. However, even if Zurich's counsel was unable to get the materials necessary to file a thorough answer, nothing prevented Zurich's counsel from filing a motion for extension between March 26 and 31, or at a minimum, contacting counsel for plaintiff to obtain his consent to an extension of time.[3]

---

[1] Zurich also states that it might want to challenge whether service was properly made. The place to raise a service argument, however, was in its present motions and responses, since a defect in service would weigh strongly in favor of setting aside the entry of default. As it stands, the argument is entirely speculative.

[2] The summons states, "A lawsuit has been filed against you. Within 21 days after service of this summons on you . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." Docket No. 3.

[3] Zurich appears to have a functioning system for receiving complaints served through the Mississippi Insurance Commission and responding in a timely manner. *See City of Jackson v. Zurich Am. Ins. Co.*, 3:19-cv-805-DPJ-FKB (S.D. Miss. Filed Nov. 8, 2019).

Zurich has also failed to specifically explain how the coronavirus pandemic made it incapable of answering on time. While the coronavirus pandemic has disrupted the lives of many—and killed over 250,000 Americans—again, Zurich has not explained why it could not timely seek an extension to answer. *See CENTRIA*, 2012 WL 73235, at *2 (defaulting party noted that tornado had occurred, but "failed to mention how or why these events affected its ability to timely respond."). As the party in default, Zurich had "the burden of showing by a preponderance of the evidence that its neglect was excusable, rather than willful." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500–01 (5th Cir. 2015) (citation omitted). Zurich has not met this burden.

As this Court held in *CENTRIA*, "[w]hen a party has actual notice of a claim for which a response has been demanded and fails to answer the claim, the failure may be deemed willful." *CENTRIA*, 2012 WL 73235, at *2. Zurich admits it received the complaint and summons on March 25, nearly a week before the answer was due. Zurich had actual notice of the claims and failed to answer, and now has failed to explain why. Its failure to respond is deemed willful in accordance with a long line of Fifth Circuit precedent. *See Boissier v. Katsur*, 676 F. App'x 260, 263 (5th Cir. 2017) ("rushing to court once a default judgment is entered is insufficient to show a default was not willful."); *Wooten*, 788 F.3d at 501 (affirming default judgment in which the defendant offered no explanation for default); *In re Chinese–Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 595 (5th Cir. 2014) (holding that the foreign defendant willfully defaulted when it did not contest that it was served with the complaint and did not provide any explanation for its default even when pressed at oral argument); *Dierschke*, 975 F.2d at 183–84 (holding that the defendant willfully defaulted when he admitted that he had received the complaint, but explained that he had failed to respond because he was involved in another suit and did not understand that he was being served in a new case). "A finding of willful default ends the inquiry, for 'when the court finds an

intentional failure of responsive pleadings there need be no other finding.'" *Lacy*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Dierschke*, 975 F.2d 184). Accordingly, "the inquiry ends, and the Court need not make any further findings in refusing a party's request to set aside a default." *CENTRIA*, 2012 WL 73235, at *2; *see also Boissier*, 676 F. App'x at 263 ("A defendant cannot make a good cause showing, however, if the default was willful."); *Dierschke*, 975 F.2d at 184-85 ("Willful failure [to answer] alone may constitute sufficient cause for the court to deny" a motion to set aside default). *Id.*

But, here the inquiry does not end. Zurich has not shown that it has meritorious defenses to Jones Group's claims that would enable this Court to set aside the entry of default for good cause. Zurich acknowledges that "[t]o present a meritorious defense, a defendant must 'make a clear and specific showing by a definite recitation of facts that they have a valid defense.'" Docket No. 10 at 6 (citing *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 121 (5th Cir. 2008). Notably, "[a] district court has the discretion to refuse to set aside a default judgment under 60(b)(1) if the defendant 'fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party." *Id.* at 119-20 (citing *Lacy*, 227 F.3d at 293). About its meritorious defenses, Zurich is mum. It only says, "Zurich possesses meritorious defenses to plaintiff's claims, and the entry of default entered against it should be set aside accordingly." Docket No. 10, at 6. That simply is not enough. *See, e.g.*, *Herrington v. Buford*, No. 3:10-CV-661-CWR-LRA, at Docket No. 37, at 12, n. 8 (S.D. Miss. Sept. 23, 2011) (citing various opinions and treatises explaining how one may present its meritorious defenses).

Zurich has not provided any facts or evidence of the existence of a meritorious defense. As Jones Group has noted, all Zurich has said in its briefing is that it possesses numerous meritorious defenses, but it has failed to identify these defenses with specificity. As stated previously, Zurich

5

has the burden to show this Court why the entry of default should be set aside, and it has failed to meet this burden. This Court has held previously "claiming the existence of a meritorious defense is a far cry from actually offering one." *Watkins Ludlam Winter & Stennis, P.A. v. DynaSteel Corp.*, No. 3:10-CV-00656-CWR-LRA, 2011 WL 976592, at *2 (S.D. Miss. Mar. 17, 2011); *see also Lacy*, 227 F.3d at 292 (court must consider "whether a meritorious defense is presented.").

### IV.   Conclusion

The Court concludes that Zurich willfully failed to answer the complaint and summons served upon it on March 10. Accordingly, Jones Group's motions are granted and Zurich's motions are denied. A default judgment will issue, and an evidentiary hearing will have to be held to assess damages.

**SO ORDERED**, this the 1st day of December, 2020.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE